**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:08-CV-258**

| | | |
|---|---|---|
| **CHARLOTTE FC, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **PACIFIC AVENUE I, LLC and PACIFIC** | ) | |
| **AVENUE II, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER IS BEFORE THE COURT on its own motion.  On January 13, 2009, the court ordered Charlotte FC, LLC to engage the services of a new attorney within 30 days. Charlotte FC, LLC has failed to follow this order.  Further, in the January 13th Order, the parties were instructed to engage in mediation with the participation of U.S. Bank.  The court now believes mediation is unnecessary and will instead consolidate the two cases (3:08cv278 and 3:08cv258) and order them to arbitration.  Whereas Charlotte FC, LLC must be represented by legal counsel to appear in court, the same is not true for arbitration.

Both actions before the court involve common questions of law and fact; therefore, the court will consolidate the actions pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure and order them to arbitration.  Charlotte FC's attempt to remove from arbitration the claims arising from the Purchase Contract must fail.  Both cases involve the same parties and both cases center upon alleged breaches and damages with respect to the Epicentre.  Furthermore, both cases implicate four written contracts related to the Epicentre and three of the contracts contain broad provisions concerning arbitration.  Charlotte FC argues that their second filed

action (3:08cv258) is distinct from Pacific's first filed action (3:08cv278)  because the claims arise solely from the Purchase Contract which contains no mandatory arbitration provision.  The court disagrees with Charlotte FC's arguments.  The Federal Arbitration Act embodies a federal policy favoring arbitration.  *American Recovery Corp., Inc. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88 (4th Cir. 1996).  The court agrees with Pacific and *American Recovery Corp.* that when the arbitration clause is open to question, the court must decide the question in favor of arbitration.  Accordingly,

**IT IS THEREFORE ORDERED THAT** the parties shall proceed to mandatory arbitration.

Signed: February 20, 2009

Graham C. Mullen
United States District Judge